UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-22714-BLOOM

LESSIE EARL PROCTOR,

    Plaintiff,

v.

JOE BIDEN,

    Defendant.
_____/

## ORDER DISMISSING CASE

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. Plaintiff Lessie Earl Proctor has filed what he purports to be a "1983 Civil Action" against the President of the United States, Joe Biden. ECF No. [1] at 1. Although Plaintiff claims to be seeking one billion dollars in damages and a pardon from the President, the substance of his claims arise from the denial of a previously filed 28 U.S.C. § 2255 Motion to Vacate in Case No. 22-cv-20066-RUIZ.[1] *See id.* at 2 ("In Pensacola Florida the 922(g) were droped [sic]. The courts in Miami charged with 18 U.S.C. § 924(c)(1)(A) for that to stick."); *see also* ECF No. [1-1] at 1–7 (attaching the § 2255 motion filed in Case No. 22-cv-20066). Mindful of the obligation "to look behind the label of a *pro se* inmate's motion to determine if it is cognizable under a different statutory framework[,]" *United States v. Stossel*, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003), the Court reconstrues Plaintiff's Complaint as a successive § 2255 motion and dismisses it for lack of subject matter jurisdiction.

To start, the Court is confident that this instant action is not cognizable under 42 U.S.C.

---

[1] The Court has taken judicial notice of the docket sheet and documents filed in Case No. 22-cv-20066-RUIZ, which is accessible through PACER and CM/ECF via https://flsd-ecf.sso.dcn/cgi-bin/iquery.pl. *See* Fed. R. Evid. 201; *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

§ 1983. Section 1983 only applies to officials who operate under "color of state law," so "§ 1983 actions do not lie against federal [officials]." *Fullman v. Graddick*, 739 F.2d 553, 560 (11th Cir. 1984). If Plaintiff wished to sue a federal official such as President Biden, then we would have to analyze the suit under the dictates of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). But *Bivens* also cannot apply in this instance since, by Plaintiff's own admission, President Biden is not personally responsible for any identifiable constitutional harm. ECF No. [1] at 1–2; *see also Thibeaux v. United States Att'y Gen.*, 275 F. App'x 889, 892 (11th Cir. 2008) ("*Bivens* claims can be brought against federal officers in their individual capacities only; they do not apply to federal officers acting in their individual capacities.").[2]

Conversely, a § 2255 motion is "the exclusive mechanism for a federal prisoner to seek collateral relief" from his or her federal sentence. *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017). That is clearly the object of the instant "Complaint" since Plaintiff is explicitly arguing that he is serving an illegal federal sentence. *See* ECF No. [1] at 1–2. Plaintiff previously filed a § 2255 motion in Case No. 22-cv-20066, which challenged the same sentence, but Judge Rodolfo A. Ruiz rejected Plaintiff's argument and expressly found that Plaintiff's sentence was legal. *See* Order Dismissing Motion to Vacate, *Proctor v. United States*, No. 22-cv-20066 (S.D. Fla. Apr. 11, 2022), ECF No. [4] at 4 ("Both Movant's Indictment and the jury verdict form clearly show that the sole predicate offenses for Movant's § 924(c) convictions were [substantive Hobbs Act robberies], and so Movant's § 924(c) convictions are plainly legal.").

Since Plaintiff "previously filed a § 2255 motion to vacate, he must apply for and receive permission from the court of appeals before filing a successive § 2255 motion." *Samak v. Warden,*

---

[2] On a more fundamental level, the Court would still dismiss the case even if it could be construed under § 1983 or *Bivens*. Plaintiff has failed to pay the filing fee or file a motion to proceed *in forma pauperis*, and, therefore, the case could be properly dismissed for failure to prosecute under Fed. R. Civ. P. 41(b). *See, e.g.*, *Castro v. Dir., F.D.I.C.*, 449 F. App'x 786, 788 (11th Cir. 2011).

Case No. 22-cv-22714-BLOOM

*FCC Coleman-Medium*, 766 F.3d 1271, 1274 (11th Cir. 2014). This same restriction applies even if Plaintiff was merely seeking reconsideration of Judge Ruiz's Order under Fed. R. Civ. P. 60(b). *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) ("Because Farris was moving to vacate his sentences and he previously had filed a § 2255 motion, the district court did not err in construing his [Rule 60(b) motion] as a successive § 2255 motion."). "Without authorization, the district court lacks jurisdiction to consider a second or successive [§ 2255 motion]." *Id.* Since Plaintiff has not received permission from the Eleventh Circuit Court of Appeals to file a successive § 2255 motion, the Court lacks subject matter jurisdiction to consider this action.[3]

Accordingly, it is **ORDERED AND ADJUDGED** that this action is **DISMISSED** for lack of subject matter jurisdiction. The Clerk is directed to **CLOSE** the case. The Clerk is also **DIRECTED** to attach the docket sheet for Case No. 22-cv-20066-RUIZ to this Order for its inclusion to the record. All pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 30, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Lessie Earl Proctor, Pro Se
20924-043
Manchester Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 4000
Manchester, KY 40962

---

[3] Plaintiff also appealed Judge Ruiz's Order to the Eleventh Circuit, *see* Notice of Appeal, *Proctor v. United States*, No. 20-cv-20066 (S.D. Fla. Aug. 25, 2022), ECF No. [7], which further divests this Court of jurisdiction, *see Doe, 1-13 ex rel. Doe Sr. 1-13 v. Bush*, 261 F.3d 1037, 1064 (11th Cir. 2001).